*20 THE opinion of the Court ivas delivered as follows: — - The plaintiff declared in an action of covenant, alleging that the defendant, by his deed, covenanted, among other things, to pay and deliver to him one hundred and fifty barrels af corn “ xviihin a reasonable time ;n and assigned the breach in the non delivery of the corn agreeable to the tenor and effect of the deed.
The defendant, on setting aside a judgment whieh had beeri taken against him in the office, craved oyer of the deed declared on, and spread it upon the record; whereby it appeared that the deed contained a covenant to pay one hundred and fifty barrels of corn “ in seven months” instead of-a covenant to pay within a reasonable time, as the plaintiff hath alleged. The defendant thereupon demurred, assigning for cause of demurrer, among other things, the variánce between the deed and the declaration. The plaintiff having joined in the demurrer, the judgment of the inferior court was thereupon given for the defendant.
It; is now contended by the plaintiff that the matters assigned for causes of demurrer, being only in abatement, were not proper on setting aside an office judgment, and that the demurrer therefore ought to have been overruled.
Were the position correct, that the matters alleged for causes of demurrer wen.t only in abatement, it would not thence necessarily follow that the demurrer ought to have been overruled.
It is true, that when a defendant, after an office j udgment against him, offers a special demurrer, and the causes assigned are of matters in abatement only, the plaintiff may object to setting aside the office judgment, aud cannot be compelled to join ⅛ the demurrer.
When fpeciai demurrer is offered to fetafide judgment by de fault, plaintiff may object to join in demur* ler until alignments as to matters ofiform arefhickenout*
Bm if the plaintiff makes no objection to setting aside the office jadgment, and voluntarily joins in the demurrer, (as was the cáse in the present instance,) he thereby waives his right of objection on that ground; and in such case it becomes the duty of the court to decide upon the law arising upon the demurrer,-and not upon the propriety of filing it at that stage of the cause.
But a more obvious, and perhaps a more satisfactory answer to the objection now made by the plaintiff, ⅛ to be found in the incorrectness of the premises he assumes.
Whatever may be said of the other causes assigned by the demurrer, it cannot be predicated of the variance between the deed spread upon the record and the allegation id the declaration that it is immaterial or- merely technical: on the contrary, it is evidently material and substantial, of which the defendant might have availed himself on a general demurrer. It having been assigned as a particular cause of demurred cannot affect the propriety of the demurrer, or destroy the defendant’s right to avail himself of it. For though it be true that on a general demurrer no advantage can be taken of defects in form, yet it does not hold econverso that on a special demurrer no advantage can be taken of defects In substance.
The rule in this respect seems to be, that on a special demurrer the party can take no advantage of any other matter of form than what he hath expressed in his demurrer, but that he may of matters of substance, whether particularly alleged or not — -5 th Bae. 461, title pleas and pleadings, letter N. and the cases there cited. It may be proper here to remark, that after an office judgment has been taken, and a special demurrer is offered by the defendant, alleging as well matters of form, as matters»*-! substance for causes of demurrer, that the office judgment ought not to be set aside, nor the plaintiff compelled to join in the demurrer, if he objects to do so, unless the causes affecting matters of form only be stricken out of the demutrer.- — -—Judgment affirmfech